Matter of A.S. v R.S.

2026 NY Slip Op 02353

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of A.S., Petitioner-Appellant,

v

R.S., Respondent-Respondent.

Decided and Entered: April 16, 2026

V-08911/20|Docket No. V-08911/20, V-05360/21|Appeal No. 6403|Case No. 2024-02360|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Geoffrey P. Berman, Larchmont, for appellant.

Leslie S. Lowenstein, Woodmere, attorney for the children.

[*1]

Order, Family Court, New York County (Lyle E. Frank, J.), entered on or about April 5, 2024, which, after a fact-finding hearing, denied petitioner father's petition for sole legal and physical custody of the subject children, and awarded sole legal and physical custody of the children to respondent mother, with parenting time to the father, unanimously affirmed, without costs.

There is a sound and substantial basis in the record for Family Court's determination that it is in the children's best interests to award sole legal and physical custody to the mother who has consistently been their primary caregiver (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). The court had the benefit of a full evidentiary hearing, and its determination rests on its assessments of the witnesses' demeanor and credibility and there is no basis to disturb the court's credibility determinations (see Matter of Ivan J. v Felicia V., 228 AD3d 506, 506 [1st Dept 2024]; Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]). The record shows that the children have always resided with the mother, and that the mother, who is employed full-time, has consistently been able to provide financially for the children and meet their day-to-day needs while receiving little financial assistance from the father. The record also demonstrates that the mother has met the children's health and educational needs. Having enrolled the children in a Mandarin Chinese school, where the children are thriving socially and intellectually, the mother, who speaks Mandarin, is able to assist the children with their homework.

The court acted within its sound discretion in considering the stability of the father's employment in making a best interest determination (see Matter of Shainiska D. v Gage D., 242 AD3d 411, 412 [1st Dept 2025], lv denied 44 NY3d 909 [2026]).

The court properly denied the father's request for joint custody given the testimony of both parties regarding multiple and frequent verbal and physical altercations, and because both parents acknowledged that at times they each acted as gatekeepers to the other parent's access to the children, (see Matter of Markis L. v Jacquelyn C., 189 AD3d 580, 581 [1st Dept 2020]).

We have considered the father's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026